IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| KERRY S. HAYNES, on behalf of himself and others similarly situated, | § § § | CIVIL ACTION NO. 17-95 |
| *Plaintiffs*, | § § § | JURY TRIAL DEMANDED |
| v. | § § | |
| RYAN HOERAUF, and JEFF PHILLIPS | § § | COLLECTIVE ACTION |
| *Defendants.* | § § § § | |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

**I.      SUMMARY**

1. Ryan Hoerauf ("Hoerauf"), and Jeff Phillips ("Phillips") (collectively herein, "Defendants"), employers in the oil drilling business, violated the Fair Labor Standards Act ("FLSA") by forcing their drillers and other rig workers to work regular and overtime hours without properly paying regular and overtime compensation, thus depriving them of rightful compensation for their work that Defendants are legally obligated to pay.

2. Plaintiff Kerry S. Haynes worked for Defendants' oil drilling company, Ryan Drilling, LLC d/b/a O'Ryan Drilling ("O'Ryan") and was damaged by Defendants' illegal policy or practice. Plaintiff was similarly denied the regular and overtime compensation he was due under the FLSA. Plaintiff brings this lawsuit on behalf of himself and all other similarly situated current or former drillers and other hourly paid rig workers who were employed by Defendants, to recover unpaid regular and overtime compensation, liquidated damages, attorneys' fees, and costs owed to them individually and on behalf of other similarly situated individuals.

## II. JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

4. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Western District of Texas. 28 U.S.C. § 1391(b)(2).

## III. THE PARTIES

5. Plaintiff Haynes worked for Defendants as a driller. He regularly worked in excess of 40 hours per week without receiving all the regular and overtime compensation that he was due at one-and-one-half times his regular rate of pay. Plaintiff Haynes' consent is attached as Exhibit A.

6. The class of similarly situated employees consists of all current and former drillers and other hourly rig workers who were employed by Defendants during the three-year period preceding the filing of this complaint. These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7. Defendant Ryan Hoerauf is a founder and a principal of O'Ryan, a company engaged in commerce in the United States and is otherwise subject to the FLSA. Hoerauf is an individual residing in Llano, Texas and is an employer within the meaning of the FLSA. As O'Ryan's vice-president, Hoerauf possessed control over O'Ryan's actual operations in a manner that directly relates to Plaintiff's employment and that of those similarly situated to Plaintiff. Hoerauf directly affected employment-related factors such as workplace conditions and/or operations, personnel, and/or compensation. Mr. Hoerauf may be served with process at 3232 County Road 113A, Llano, Texas 78643.

8. Defendant Jeff Phillips is the President and a principal of O'Ryan, a company engaged in commerce in the United States and is otherwise subject to the FLSA. Phillips is an individual residing in Midland, Texas and is an employer within the meaning of the FLSA. Phillips possessed control over O'Ryan's actual operations in a manner that directly relates to Plaintiff's employment and that of those similarly situated to Plaintiff. Phillips directly affected employment-related factors such as work place conditions and/or operations, personnel, and/or compensation. Mr. Phillips may be served with process at 5710 Devlin Pl., Midland, Texas 79707.

9. Defendants employed Plaintiff within the meaning of the FLSA.

## IV. BACKGROUND

10. Defendants' oil drilling business is headquartered in Odessa, Texas. Defendants utilize one or more on-land mobile drilling rigs at one or more well sites.

11. The crew on each rig includes the tool pusher, who is the rig supervisor, a driller, motor men, and a number of derrick hands, as well as other rig workers. Generally, the drilling operation runs 24 hours a day, seven days a week.

12. The rig workers perform various tasks on a rig. The driller generally assists with ensuring that the work on a rig is done correctly, safely, and efficiently. The driller is responsible for operating the drilling and hoisting equipment on the rig deck. This can include managing the rig floor and driller's console, which includes brakes, monitors and throttles for the drilling equipment. Measurements, reading, and other feedback from the drilling console allows the driller to make adjustments to the drilling operation as they become necessary. Motor men work with drillers and derrick hands on the rigs and are generally responsible for making sure that all motors are working properly on all the

3

equipment; they also perform maintenance and keep vehicles running and functioning properly. Derrick hands work with drillers and motor men on the rigs, performing a variety of functions designed to ensure the drilling equipment is functioning properly. Derrick hands maintain and repair, as necessary, mud pumps, shakers, and trash pumps. They also maintain fuel and mud levels on the rigs at appropriate levels. Other rig workers also help with the overall functioning of the rig.

13. During the period the drillers and other rig workers work on a rig, they work as much as 12 hour shifts. They generally work substantial overtime hours during the workweek.

14. Defendants pay their drillers and other rig workers by the hour utilizing a pay period that consists of two weeks. Defendants also pay their drillers and other rig workers a "per diem" for each day worked, designed to cover expenses incurred by the drillers and other rig workers while on duty. This per diem does not vary from day to day and/or bears no correlation to the actual dollar value of expenses incurred on Defendants behalf by the drillers and other rig workers.

15. Almost every on-duty day, the rig workers, including Plaintiff, are required to attend "pre-tour" and "post tour" safety meetings. Attendance at the meetings is mandatory for all rig workers. The meetings occurred before the actual scheduled shift began or after the scheduled shift ended. It was Defendants' policy and practice that rig workers were not to be paid for safety meeting time, but only for time spent actually physically working on the rig. Defendants did not permit rig workers, including Plaintiff, to enter time on their timesheets for minutes spent in mandatory safety meetings. When

Plaintiff inquired about why Defendants' rig workers did not receive safety meeting pay, he was told that that was just the way it is working for Defendants.

## V. PLAINTIFF'S INDIVIDUAL ALLEGATIONS

### A. *Defendants Failed to Properly Pay Regular and Overtime Compensation.*

16. Plaintiff worked on one or more of Defendants' rigs in Texas. During his tenure with Defendants, Plaintiff worked as much as 12-hour or longer shifts during the periods he worked on a rig site. During typical on-duty periods that Plaintiff worked on the rig site, he worked substantial overtime hours during the workweek.

17. Defendants paid Plaintiff a set hourly rate for each hour worked. Defendants also paid Plaintiff a per diem of approximately $100 for each day that he worked on the rig site. This per diem amount did not change from week to week. Plaintiff did not incur work-related expenses on Defendants' behalf.

18. The FLSA requires Defendants to pay overtime compensation for each hour Plaintiff worked in excess of 40 hours in a week. Defendants should have paid Plaintiff for all his hours of regular pay and all his overtime pay in typical workweek, but Defendants failed to pay the Plaintiff that amount because it did not pay Plaintiff for time spent attending mandatory safety meetings.

19. Further, because the per diem did not actually reflect expenses incurred by Plaintiff, but was rather a set amount paid out each day regardless of actual expenses incurred, the FLSA requires the per diem amount to be included in Plaintiff's regular rate of pay, which would then increase his regular and overtime pay by the corresponding increase in their regular rate of pay.

20. By failing to pay Plaintiff for all of the hours he worked and by failing to properly calculate Plaintiff's regular rate of pay and overtime rate of pay because of the per diem payment, Defendants have deprived Plaintiff of a significant amount of regular and overtime compensation to which he is rightfully entitled.

### B. *Defendants Willfully Violated the FLSA.*

21. The FLSA and Department of Labor regulations set forth the proper means for calculating and paying regular and overtime compensation to non-exempt employees like Plaintiff. Defendants failed to follow these rules when paying Plaintiff.

22. Defendants had a policy and/or practice of paying their drillers and other rig workers for only a portion of the regular and overtime hours they worked instead of the actual amount of hours that they worked in a given week. Specifically, Defendants did not pay their drillers and other rig workers for time spent in mandatory safety meetings. Defendants also had a policy and/or practice of miscalculating the regular rate of pay and overtime rate of pay for their drillers and other rig workers based on the per diem that it paid to the drillers and other rig workers for each day worked.

23. Defendants know or have shown reckless disregard for the requirements of the FLSA with respect to compensation for the Plaintiff.

## VI. COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff is aware that Defendants' illegal policies or practices have been imposed upon Members of the Class. Like Plaintiff, the Members of the Class work for Defendants as drillers and other rig workers. The Members of the Class perform job duties similar to Plaintiff, namely assisting with the day-to-day operation and maintenance of the oil rigs.

25. As with Plaintiff, Members of the Class work as much as 12-hour or longer shifts while working at a rig site. During typical on duty period that they worked on the rig site, they worked substantial amounts of overtime hours during the workweek.

26. As with Plaintiff, Members of the Class are paid every other week. The Members of the Class are also paid for only a portion of the regular and overtime hours actually worked. Specifically, the Members of the Class are not paid for mandatory safety meeting attendance. The FLSA requires that hours over 40 worked in a week be compensated at the overtime rate of 1½ times the regular rate of pay. Like Plaintiff, Members of the Class should be paid their regular rate for up to 40 hours and their overtime rate for all hours worked over 40 in a week.

27. The Members of the Class are also paid a per diem for each day they work that is designed to cover the expenses they incur while working. However, that per diem does not fluctuate from week to week and is not based upon any expenses actually incurred. The Members of the Class did not incur work-related expenses on Defendants' behalf. Therefore, the FLSA requires that the per diem be included in the regular rate of pay for the Members of the Class, meaning that Defendants have failed to properly calculate both the regular rate of pay and the overtime rate of pay for the Members of the Class.

28. Defendants' failure to properly compensate Plaintiff and Members of the Class results from a generally applicable policy and/or practice. Specifically, it is a policy and/or practice of Defendants to pay their drillers and other rig workers for less than all of the regular and overtime hours a worker actually worked during a workweek. As such, the Members of the Class are owed additional regular and overtime compensation for precisely the same reasons as the Plaintiff.

29. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> **All current and former drillers and other hourly paid rig workers who were employed by Defendants during the three-year period preceding the filing of the Original complaint.**

30. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

31. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VII. CAUSES OF ACTION

32. The preceding paragraphs are incorporated by reference.

33. As set forth above, Defendants violated the FLSA with respect to Plaintiff and Members of the Class by failing to pay regular and overtime pay for all hours worked. 29 U.S.C. §§ 206, 207.

34. Plaintiff and Members of the Class are entitled to recover regular compensation at their regular rate of pay for all hours up to 40, and overtime compensation at one and one-half times their regular rate of pay, for all hours worked in excess of 40 hours, in accordance with the FLSA.

35. In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages and overtime wages.

36. In addition, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs. 29 U.S.C. § 216 (b).

## VIII. JURY DEMAND

37. Plaintiff demands a jury trial.

**PRAYER**

WHEREFORE, Plaintiff requests that this Court award him and Members of the Class judgment against Ryan Hoerauf and Jeff Phillips for:

1. damages for the full amount of their unpaid regular and overtime compensation;

2. an amount equal to their unpaid minimum wages and overtime compensation as liquidated damages;

3. reasonable attorneys' fees, costs and expenses of this action;

4. pre-judgment and post-judgment interest at the highest rate allowed by law; and

5. such other and further relief as may be allowed by law.

Dated: May 11, 2017

Respectfully submitted,

BAILEY PEAVY BAILEY COWAN HECKAMAN PLLC

By: /s/   Robert W. Cowan
Robert W. Cowan
Attorney-in-Charge
TX Bar No. 24031976
440 Louisiana Street, Suite 2100
Houston, Texas 77002
Telephone: (713) 425-7100
Facsimile: (713) 425-7101
rcowan@bpblaw.com